IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTYNE CHAVEZ,

    Plaintiff,

v.

ER SOLUTIONS, INC.,

    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Defendant ER Solutions, Inc., a debt collection agency, spoke by telephone with Plaintiff Christyne Chavez's boss and with her parents about the debt that it is trying to collect from Ms. Chavez. ER Solutions also persisted in telephoning Ms. Chavez at work despite her request that it not do so.

**Jurisdiction**

2. This Court has jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), *see* 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

**Parties**

3. Plaintiff Christyne Chavez resides in Albuquerque, New Mexico.

4. Defendant ER Solutions, Inc. is a debt collection agency whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. It is licensed as a collection agency

by the New Mexico Financial Institutions Division. ER Solutions is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Facts**

5. Ms. Chavez had a personal account for an AT&T cell phone.

6. AT&T charged off this account.

7. After AT&T charged off the account, AT&T Wireless assigned to ER Solutions the right to collect on the account.

8. ER Solutions tacked on a $82.74 "collection cost" to the account.

9. This "collection cost" is not authorized by federal law, New Mexico law or by the contract for the cell phone signed by Ms. Chavez.

10. In March 2011, ER Solutions began telephoning Ms. Chavez in efforts to collect on the AT&T Wireless account.

11. ER Solutions repeatedly telephoned Ms. Chavez on her cell phone.

12. Ms. Chavez attempted to work out payment arrangements with ER Solutions, but ER Solutions refused Ms. Chavez's efforts.

13. ER Solutions also repeatedly telephoned Ms. Chavez at her place of employment, the Bernalillo County District Attorney's Office, placing the calls to a telephone number belonging to her employer.

14. Ms. Chavez asked ER Solution to stop telephoning her at telephone numbers belonging to her employer.

15. On April 11, 2011, after Ms. Chavez asked ER Solutions to stop telephoning her at telephone numbers belonging to her employer, ER Solutions telephoned Elaine Davis,

Ms. Chavez's supervisor, accused Ms. Davis of being Ms. Chavez and demanded payment on the account.

16. ER Solutions also telephoned Ms. Chavez's elderly father, Pete Holguin, and asked him to tell Ms. Chavez that it was trying to reach her about the AT&T Wireless account.

17. As a result of ER Solution's conduct, Mr. White has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Lost time;

    c. Work place stress;

    d. Embarrassment; and

    e. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

18. ER Solutions' actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(3), 1692c(b), 1692f and 1692f(1).

19. Ms. Chavez is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

20. ER Solutions' actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 §§ 57-12-2(D)(14) and 57-12-2(D)(15) specifically.

21. ER Solutions willfully engaged in these unlawful trade practices.

22. Ms. Chavez is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs.

### Third Claim for Relief: Tortious Debt Collection

23. ER Solutions' actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

24. Ms. Chavez is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Request for Relief

Ms. Chavez requests that this Court:

A. Award statutory and actual damages, for violations of the FDCPA;

B. Award statutory or actual damages, trebled, for violations of UPA;

C. Award actual and punitive damages, for tortious debt collection;

D. Award reasonable attorney fees and costs; and

E. Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)

4